# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA
V.
JOSHUA POWELL
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 12-20391

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____ .*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____ .
  ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☐ clear and convincing evidence ☐ a preponderance of the evidence that

See attached.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

September 12, 2014
*Date*

*Signature of Judge*

DAVID R. GRAND, U.S. MAGISTRATE JUDGE
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

On December 11, 2012, Joshua Powell was sentenced to 18 months incarceration after having been convicted of counterfeiting charges. After completing his prison sentence on June 25, 2014, Powell began a two-year period of supervised release, which did not go well.

Powell was not to commit any crimes while on release and was to make truthful reports to his probation officer. However, he recently broke into his grandmother's home and stole property which he then brought to a pawn shop. He apparently needed funds to buy drugs, as he recently tested positive for amphetamines, cocaine, opiates, and marijuana. Powell was also placed into absconder status after failing to provide timely reports to his probation officer. A supervised release violation report was filed, and a warrant was issued for his arrest. Powell did, however, voluntarily surrender once he learned of these charges.

The government moved for Powell's detention, and the Court held a detention hearing on September 11, 2014.

Because this matter involves an alleged violation of the terms of Powell's supervised release, he bears the burden of "establishing by clear and convincing evidence that [he] will not flee or pose a danger to any other person or to the community..." Fed. R. Crim. P. 32.1(a)(6). He has clearly failed to meet this burden. Although the Court gives Powell credit for turning himself in, his behaviors while on supervised release show him to be a serious danger to the community and a flight risk. Powell clearly cannot refrain from using illegal narcotics, as evidenced by the four different drugs found in his system during recent drug tests. Powell's grandmother had been housing him subsequent to his release from prison, generously attempting to give him a stable environment so he could get a fresh start on life. However, rather than take advantage of this opportunity, Powell (at least once, but apparently twice) broke into her home and stole her personal items which he then sold, apparently to get money to buy drugs. His grandmother was fearful enough that she kicked him out of the house and called the police. That Powell would engage in this behavior against his own grandmother who was trying to help him shows that he would be a danger both to her and the community if he were to be released on a bond. Powell has also shown an inability to maintain appropriate contact with his probation officer such that he would pose a flight risk if released on bond. In short, Powell has simply not met the burden required of him to establish that he ought to be released on a bond.

**Accordingly, Detention is Ordered.**